The People of the State of New York, Plaintiff, *v.* Sol Mogul, Defendant.

City Magistrate's Court of New York, Borough of Manhattan, October 9, 1953.

*Frank S. Hogan, District Attorney of New York County (B. Roberts of counsel), and Miles F. McDonald, District Attorney of Kings County (Edward Silver of counsel), for plaintiff.*

*Irving E. Yelowcin for defendant.*

Malbin, M.  A summons was issued against the defendant on complaint of a detective charging the defendant with keeping a blackjack and metal knuckles for the purpose of sale, in violation of section 1896 of the Penal Law.  An informal hearing was had before the court for the purpose of determining whether a complaint should issue, formally charging the defendant with the commission of the said crime.

The defendant is a dealer in firearms.  He does not dispute that he had large quantities of metal knuckles and blackjacks on display in his premises, but maintains as a defense that they were not kept for the purpose of sale within the State of New York.  It is his contention that he does not sell these articles over the counter, but ships them directly to dealers in other States, where the sale and possession of these articles is not illegal.

The court has examined and analyzed section 1896 of the Penal Law and the various other sections of article 172 of the Penal Law entitled " Public Safety."  These sections are *in pari materia* and must be construed together in order to resolve the question at issue.  At the outset, it should be borne in mind that, as its title implies, the statute was passed in the interest of the safety and protection of the public.  We are dealing with articles which can be put to no innocent or legal use in the State of New York.  Metal knuckles and the blackjack are tools of the

underworld. In *People* v. *De Fore* (242 N. Y. 13), it was held that a blackjack is contraband. In discussing the subject, Judge CARDOZO wrote as follows at page 25: " The weapon (a blackjack) discovered through this search was an implement of crime. It was not the kind of thing to be protected against prying inquisition. It was a thing to be ferreted out and brought to light and, when found, wrested from the holder."

A fair reading of the statutes involved forbids the construction attempted to be placed by the defendant on section 1896 of the Penal Law. Defendant would read that section as though it exempted from the prohibition of the statute possession of the forbidden articles for sale in interstate commerce. The Legislature not only omitted to create any such exemption, but by the fairest implication never intended to create any such exception. Section 1896 declares in straightforward and unambiguous terms that " a person who   *   *   *   sells or keeps for sale, or offers, or gives, or disposes of any instrument or weapon of the kind usually known as a blackjack,   *   *   *   or metal knuckles   *   *   *   is guilty of a misdemeanor." The very same section, declaring the sale of a machine gun or submachine gun to be a felony, specifically excepts the manufacture, sale or shipment of such articles directly to regularly constituted or appointed State or municipal police departments, Sheriffs, policemen and other peace officers and to State prisons, penitentiaries and County jail, and to military and naval organizations. The Legislature has thus in the very same section qualified the prohibition with respect to such articles, but has made the prohibition against the blackjack and metal knuckles absolute.

Further evidence that the Legislature did not intend to permit the manufacture or keeping for sale of blackjacks and metal knuckles for shipment outside of the State is to be found in section 1894-a which deals with fireworks. Subdivision 6 of that section provides in part " nor shall anything in this act contained be construed to prohibit the manufacture of fireworks nor the sale of any kind of fireworks, provided the same are to be shipped directly outside of the state."

It is an important rule of statutory interpretation that all parts of an act are to be read and construed together to determine the legislative intent (*People* v. *Ryan,* 274 N. Y. 149; *Matter of Terry,* 218 N. Y. 218; *Seligman* v. *Friedlander,* 199 N. Y. 373). The inclusion in section 1894-a of a specific exception for the manufacture and sale of fireworks where they are shipped directly out of the State and the omission to include any such exception with respect to the manufacture or sale of metal

knuckles and blackjacks leaves room for no other reasonable interpretation than that the Legislature never intended to permit the manufacture or sale of blackjacks or metal knuckles within New York for shipment in interstate commerce. The inclusion of the exception in one case and the omission in the other were neither arbitrary nor inadvertent, but were founded on sound considerations of policy. Fireworks are not per se harmful or illegal; their danger lies in the possibility of injury from negligent handling. The statute creates special exceptions under which their use may be permitted for enumerated purposes under specific safeguards. The blackjack and metal knuckles, however, cannot be put to any proper use. They are the tools of the burglar, the robber and the mugger, designed to permit them to ply their trade in the dead and darkness of the night with stealth and secrecy. In this respect metal knuckles and the blackjack possess advantages to the criminal which even a firearm lacks.

The most effective way of depriving these nefarious individuals of the supply of these weapons is by barring their distribution at the source, in addition to forbidding their possession by individuals. It is an application of the time-honored adage that an ounce of prevention is worth a pound of cure.

The law would be virtually unenforcible if defendant's construction were to be adopted. The construction placed upon the statute by the court permits the summary seizure of such articles by the police whenever and wherever found without inquiring as to the motives or the good faith of the possessor. The construction sought by the defendant would leave the enforcement of the law dependent on the good faith of dealers in such articles. The defendant's construction would leave available a major source of supply of these articles of contraband.

The court cannot adopt the view of the defendant. A most anomalous condition would result from the defendant's interpretation. Section 1914 of the Penal Law, which regulates the sale of firearms by dealers, provides for the licensing of such dealers and imposes rigid regulations for the keeping of books of every transaction and subjects such dealers and their records to the strictest police supervision. If the Legislature had intended any such exception as contended for by the defendant it is inconceivable that it would not have licensed the sale of blackjacks and metal knuckles with appropriate provision for supervision to insure that sales were made only as permitted by the supposed exception.

998

The court, therefore, concludes that both the letter and the spirit of section 1896 of the Penal Law make the keeping of blackjacks and metal knuckles for the purpose of sale illegal, and that no exception may be imported into the statute to permit these items to be kept for sale in the State of New York for shipment outside of the State of New York.

Accordingly, the court grants the application for the issuance of a sworn complaint against defendant charging him with a violation of section 1896 of the Penal Law.